BABKA vs. ELDRED and another, imp.

LIEN. *No lien upon lath, for labor, under ch. 154 of 1862.*

1. Ch. 154 of 1862 (Tay. Stats., 1768, § 25) in terms gives a lien on "logs and timber," for labor performed thereon, whether done for the owner or his representative, or for a stranger; but it gives no lien upon *lumber* for such labor; and such a lien can only be enforced under the general statute concerning the liens of mechanics and others (R. S. 1858, ch. 153, sec. 12), which applies only to labor performed for or on account of the owner or his agent or assignee, or a subcontractor.

2. Laths are lumber, and are *not timber* within the meaning of the act of 1862.

3. In this action for a lien for work performed in a county to which the act of 1862 applies, the court found that plaintiff worked for the defendant W. "in sawing slabs out of logs for lath;" that a certain sum was due him for such work; and that "the logs and lath upon which said labor was performed, were then and are the property of defendants E." *Held*, that these findings do not show plaintiff entitled to a lien upon the *lath*, as against the defendants E.

[4. The constitutionality of the act of 1862, or of the provisions thereof giving justices of the peace jurisdiction of actions to enforce the liens there provided for, not here considered.]

APPEAL from the Circuit Court for *Oconto* County.

This action was brought before a justice of the peace, to enforce a laborer's lien upon a quantity of lath. It is alleged in the complaint, that between August 3d and October 11th, 1877, the plaintiff performed work for the defendant Wirt, in manufacturing lath out of pine logs, in Oconto county, at an agreed price; that Wirt is indebted to the plaintiff for such work in the sum of $35; "that the said logs, whereon the plaintiff performed the labor and services aforesaid, are now lying in the lumber yard of the defendants *Anson* and *Howard Eldred*, in the city of Oconto, in Oconto county, Wisconsin, manufactured into lath, done up in bundles;" that defendants *Eldred* are the owners of such lath, subject to the plaintiff's lien thereon; and that the plaintiff duly filed his statement or

petition for a lien thereon in the office of the clerk of the circuit court for Oconto county, October 31, 1877.

The justice rendered a personal judgment against Wirt for the amount of the claim, and adjudged the same a lien on the lath. The defendants *Eldred* appealed to the circuit court, and the cause was there tried by the court, a jury having been waived. The court found that the plaintiff worked for Wirt " in sawing slabs out of logs for lath," in Oconto county; that there was due the plaintiff $35 for such work; and that " the logs and lath upon which said labor was performed, were then and are the property of the defendants *Eldred*." The court also held, as conclusions of law, that the plaintiff was entitled to a personal judgment against Wirt for the above sum, and was also entitled to have the same adjudged a lien upon the lath; and judgment was entered accordingly. The defendants *Eldred* appealed from the judgment.

For the appellants, there was a brief by *Jenkins, Elliott & Winkler*, and oral argument by *D. S. Wegg*.

*W. H. Webster*, for the respondent.

Lyon, J. It is alleged in the complaint that the plaintiff manufactured logs into lath for the defendant Wirt. The finding is, that he sawed slabs out of logs for lath; and the testimony supports the finding. The question arises, whether such labor is included in the provisions of chapter 154, Laws of 1862, entitled " An act providing for a lien for labor and services on logs and lumber in certain counties," which act was extended to Oconto county, by chapter 100 of 1867 (Tay. Stats., 1768, § 25).

Although the word *lumber* is found in the title, it does not occur in the body of the act of 1862. The term " logs and timber " is employed therein several times, to express the subject matter of the act, and is evidently so employed *ex industria*. The general statute concerning liens of mechanics and others (R. S. of 1858, ch. 153, sec. 12) gives a lien on logs, timber

or *lumber*, to any person performing labor thereon for or on account of the owner, agent or assignee thereof. The special act assumes to give the lien on logs and timber absolutely, without regard to the question whether the work was or was not done for the owner or his representative, and gives such lien precedence over all other claims on the property. Under that act the owner may be divested of his property without having authorized work to be done upon it. On the other hand, the general law protects the owner by restricting the lien to cases in which the labor is performed for the owner, agent or assignee, or, probably, for a subcontractor, under the restrictions of the statute. Thus, under the general law, the labor must be performed for the owner, or some person who represents him, or there can be no lien.

While the property remains in the form of logs or timber, it can easily be traced, described and identified by reference to location and marks; but after it is cut or sawed into lumber, it becomes more portable, more liable to be scattered, and more difficult to describe or identify. It also then becomes more peculiarly an article of commerce, and more liable to pass into the hands of innocent purchasers.

It may well be the legislature were of the opinion that while the property remained in the form of logs or timber, comparatively little injustice would be done the owner by the severe remedy of the special act of 1862; but that after the property became *lumber*, the owner should not be subjected to a law so severe in its operation; hence the omission of the word lumber from the body of the act of 1862.

These considerations lead us to conclude that the act of 1862 gives no lien on *lumber* for work performed on it, either in its manufacture or otherwise; but that such a lien can only be enforced under the general statute.

It is not denied that lath is *lumber;* we think it is not *timber* within the meaning of that word in the act of 1862. We are not aware that these words have acquired any peculiar

meaning in the law; and they must, therefore, be construed and understood according to the common and approved usage of the language. R. S., 1145, sec. 4971. Thus construed, we cannot doubt that *timber* means the body, stem or trunk of a tree, or the larger pieces or sticks of wood which enter the frame-work of a building or other structure, excluding the plank, boards, shingles or lath which may be used to complete the structure. See Webster's Dic. These views find support in *Battis v. Hamlin*, 22 Wis., 669, where it seems to have been assumed that shingles are lumber, and are not included in the provisions of chapter 215, Laws of 1860, which, in all essential particulars, is like the act of 1862, except that it relates to other counties. If shingles are not *timber*, within the meaning of those acts, certainly lath is not.

We conclude that the lien sought to be enforced in this action could only be enforced under the general statute above cited. R. S. 1858, ch. 153.

As before remarked, section 12 of that chapter only gives the lien to one who performs labor for the owner, agent or assignee, or a subcontractor. The record in this case fails to show that Wirt was the owner, or that he sustained either of the above relations to a lien on the lath.

The constitutionality of the act of 1862, and of the provision therein giving justices jurisdiction of cases like this, was somewhat discussed at the bar; but we are unwilling to decide these questions without further argument.

*By the Court.* — The judgment is reversed, and the cause remanded for a new trial.

The following opinion was filed on a motion for a rehearing:

LYON, J.   A motion for a rehearing of the cause has been made on behalf of the appellants, based upon a doubt of their counsel as to whether the opinion leaves the question of the validity of the act of 1862 open for future adjudication.

In denying the motion it is only necessary to say that the

opinion, and the judgment of reversal to be entered pursuant thereto, do not determine that question, but the same is open for argument and adjudication whenever it arises in this court.

*By the Court.* — Motion denied, with twenty-five dollars costs.